J-A09007-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: THE ANNA MAE LITWIN IRREVOCABLE TRUST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ANTHONY M. LITWIN, BENEFICIARY | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1195 WDA 2019 |

Appeal from the Orders Entered July 23, 2019
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  6331 of 2010

BEFORE:   SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                              FILED JULY 1, 2020

Appellant, Anthony M. Litwin, filed a single appeal from two orders

entered on July 23, 2019, involving the Anna Mae Litwin Irrevocable Trust

("the Trust"), which was created by his mother, Anna Mae Litwin ("Settlor").[1]

The first order ("Order 1") directed Appellant to provide the Trustee[2] with a

complete set of keys to a property located in Deep Creek, Maryland ("the

property"), and ordered Appellant to participate in the Trustee's disposition of

a cedar chest that belonged to Settlor during her lifetime.  The second order

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Settlor passed away on December 16, 2015.  Orphans' Court Opinion, 9/25/19, at unnumbered 2.  The surviving beneficiaries of the Trust are Settlor's three children: Appellant, Jean Ditillo, and Sandra Jo Taylor.  The Trust, 11/20/08, at ¶¶ 1.1, 2.2.

[2] The Trustee is Arnold H. Caplan, Esquire.  Petition, 6/27/19, at 1.

("Order 2") terminated the Trust. The orphans' court summarized the relevant

facts of this matter as follows:

> By way of background, the Settlor of the Trust, Anna Mae Litwin, executed the Anna Mae Litwin Irrevocable Income Only Trust on November 20, 2008. The Trust was comprised of the Settlor's residence and [the property] in Deep Creek, MD. Per the terms of the Trust, for a period of seven (7) years following the Settlor's death, the beneficiaries (the Settlor's three (3) children: [Appellant], Jean Ditillo, and Sandra Jo Taylor) were entitled to use the ... property, with the exception that [Appellant] had [a non-exclusive] right to occupy the separate apartment at the [property] for his own use.

> The Settlor died on December 16, 2015. The Trustee sold the Settlor's residence in December 2017. Prior to selling the residence, the Trustee scheduled visits to the residence for each of the beneficiaries to select personal property that he/she was interested in keeping. On October 5, 2017, the Trustee was present at the residence with all three beneficiaries. At that time, the Trustee discovered that he had inadvertently failed to list a cedar chest on the list of available items. [Appellant] and Ms. Taylor both wanted to keep the cedar chest. As such, the Trustee stated that it would remain in the residence pending a future selection process. Despite this instruction, on the same day, [Appellant] removed the cedar chest and placed it in his vehicle. Although [the police were called, and Appellant] could have been criminally charged, the Trustee declined to do so, but stated that [Appellant] could maintain the cedar chest until a further selection process could take place. Since that time, [Appellant] has repeatedly refused to return the cedar chest or to participate in the selection process.

> The Trustee visited the ... property and determined that it is uninhabitable and unusable, although the separate apartment, which is used by [Appellant], is in good condition. The Trustee requested that [appellant] provide him with a complete set of keys to the property, so that it could be assessed by local real estate agents for a possible sale. [Appellant] has repeatedly refused to relinquish the keys to the Trustee.

Orphans' Court Opinion, 9/25/19, at unnumbered 2-3. On August 7, 2019, Appellant filed a single notice of appeal from the July 23, 2019 orders. Both Appellant and the orphans' court complied with Pa.R.A.P. 1925.

Before we reach the issues raised on appeal, we address whether the two appeals are properly before us. First, because Order 2 terminated the Trust, it was immediately appealable as of right pursuant to Pa.R.A.P. 342(a)(4). Therefore, the appeal from Order 2 is properly before this Court.

If Order 2 made Order 1 final, Appellant's single notice of appeal would have been proper. See Pa.R.A.P. 341, cmt. ("A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order, see K.H. v. J.R., 826 A.2d 863, 870-71 (Pa. 2003)[.]"). However, Order 1 specifically contemplated further proceedings; therefore, Order 2 did not make Order 1 final. Moreover, because Order 1 did not dispose of all claims and all parties, it is not final pursuant to Pa.R.A.P. 341.[3] Additionally, although Order 1 is related to the proceedings regarding

_____

[3] It is conceivable that the portion of Order 1 directing the return of the keys was made final by the entry of Order 2 which terminated the Trust. However, we will not address trial court orders in piecemeal fashion. See Interest of J.M., 219 A.3d 645, 650 (Pa. Super. 2019) (stating that the purpose of the rule requiring appeals to be taken from final orders is to avoid "piecemeal appeals" and "protracted litigation."). Additionally, the portion of Order 1 concerning the disposition of the cedar chest could be considered a collateral order pursuant to Pa.R.A.P. 313. However, if Order 1 was a collateral order, Appellant would have been required to file a separate notice of appeal because Order 2 did not make the future disposition of the cedar chest final, and a

J-A09007-20

the Trust, it is not appealable as of right because it is does not satisfy any of the criteria provided in Pa.R.A.P. 342.[4]  For these reasons, Order 1 is not an

_____

single notice of appeal in this regard would be improper under Pa.R.A.P. 341 and the comment thereto.

[4] Rule 342 provides, in relevant part, as follows:

(a) General rule. An appeal may be taken as of right from the following orders of the Orphans' Court Division:

(1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;

(2) An order determining the validity of a will or trust;

(3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

(4) An order interpreting, modifying, reforming or terminating a trust;

(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6) An order determining an interest in real or personal property;

(7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or

(8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

appealable order. Accordingly, we are constrained to quash the appeal from

Order 1, and we address only the appeal from Order 2.

On appeal, Appellant raises the following issues:

1. Whether the trial court erred and abused its discretion in failing to hold an evidentiary hearing before granting the Trustee's Petition For Rule To Show Cause Why The Trust Should Not Be Terminated?

2. Whether the trial court erred and abused its discretion by not holding an evidentiary hearing to determine the condition of the Deep Creek Property prior to the court rendering a decision to terminat[e] the Trust pursuant to 20 Pa.C.S. § 7740.2?

3. Whether the trial court erred and abused its discretion by not holding an evidentiary hearing to determine the intent of the beneficiaries regarding the Deep Creek Property?

Appellant's Brief at 3-4.[5]

In his first three issues, Appellant's overarching assertion is that the

orphans' court erred and abused its discretion in failing to hold an evidentiary

hearing before terminating the trust. Appellant avers that the orphans' court

decided to terminate the trust based on the pleadings. Appellant's Brief at

14. Appellant argues that because disputed issues of material fact exist,

including the intent of the beneficiaries and the condition of the property, the

orphan's court's decision was an improper judgment on the pleadings. Id. at

15-26. We address these issues concurrently.

_____

[5] For purposes of our discussion, we have renumbered Appellant's issues on appeal. We point out that in his brief, Appellant included an issue relating to the disposition of the cedar chest in Order 1. Appellant's Brief at 4. Because we quashed the appeal from Order 1, we do not address that issue.

Our scope and standard of review of a judgment on the pleadings is as follows:

> [T]his Court applies the same standard as the trial court and confines its consideration to the pleadings and documents properly attached thereto. We must determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. We will affirm the grant of judgment on the pleadings only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

DeSantis v. Prothero, 916 A.2d 671, 673 (Pa. Super. 2007) (internal citations and quotation marks omitted). Additionally, pursuant to the Uniform Trust Act, 20 Pa.C.S. §§ 7701-7790.3, the orphans' court may modify or terminate a trust as follows:

> Modification or termination of noncharitable irrevocable trust by court - UTC 412
>
> (a) Unanticipated circumstances.--The court may modify the administrative or dispositive provisions of a noncharitable irrevocable trust, make an allowance from the principal of the trust or terminate the trust if, because of circumstances that apparently were not anticipated by the settlor, modification, allowance or termination will further the purposes of the trust. To the extent practicable, the modification or allowance shall approximate the settlor's probable intention.
>
> (b) Inability to administer effectively.--The court may modify the administrative provisions of a noncharitable irrevocable trust if adherence to the existing provisions would be impracticable or wasteful or impair the trust's administration.
>
> (c) Distribution of property.--Upon termination of a trust under this section, the trustee shall distribute the trust property in a manner consistent with the purposes of the trust.

20 Pa.C.S. § 7740.2. "A trust terminates to the extent it is revoked or expires pursuant to its terms, no purpose of the trust remains to be achieved or the purposes of the trust have become unlawful or contrary to public policy." 20 Pa.C.S. § 7740 (emphasis added).

The record reflects that following the death of Settlor, the purpose of the Trust was for the property to be utilized for the benefit of Appellant, Jean Ditillo, and Sandra Jo Taylor. The Trust, 11/20/08, at ¶ 2.2.2. However, due to the hostility between Appellant and his sisters and the fact that the property is in a state of disrepair, the Trust serves no further purpose. The orphans' court concluded that the purpose of the Trust has failed, and the only solution is to sell the property and divide the proceeds. Orphans' Court Opinion, 9/25/19, at unnumbered 3. Nevertheless, Appellant counters that the orphans' court should have held a hearing because there are issues of fact. Appellant's Brief at 17.

In the Trustee's Petition For Rule To Show Cause Why The Trust Should Not Be Terminated, the Trustee averred that the property was uninhabitable because it has no operational utilities, no septic system, no furnace, has been vacant since 2008, and cannot be rented to tenants. Petition, 6/6/19, at ¶6. In his Answer, Appellant admitted these averments, but added that the property was now in the same condition that it was at the time of Settlor's death. Answer, 7/2/19, at ¶6. The record further reveals that at a deposition on January 9, 2017, Appellant conceded that the property is "in ruins. It's a

rip down." N.T., 1/9/17, at 13-14. This deposition testimony was attached to a prior pleading in the record.[6]

Moreover, in the Trustee's Petition For Rule To Show Cause Why The Trust Should Not Be Terminated, the Trustee averred that the purpose of the Trust failed. Petition, 6/6/19, at ¶12. The Trustee claimed that the purpose of the Trust was for Appellant and his sisters to have use of the property, conceding that Appellant was permitted to remain in the apartment.[7] Id. The Trustee stated that "the relationship between [Appellant] and his two siblings is so strained that it would be impossible for the parties to use the ... property in common. ... Jean Ditillo and Sandra Jo Taylor will not utilize the ... property under any circumstance[s] as a result of the strained relationship with [Appellant]." Id. Appellant admitted that his relationship with his sisters is strained; however, he denied that the purpose of the Trust failed. Answer, 7/2/19, at ¶12.

_____

[6] The deposition transcript was attached to Jean Ditillo's Finding of Fact, which was filed in response to Appellant's October 6, 2016 Petition to remove Jean Ditillo as the original trustee. Findings of Fact, 5/8/17. The orphans' court granted Appellant's petition to remove Jean Ditillo as original trustee. Order, 5/17/17, at ¶15. The orphans' court then appointed Arnold H. Caplan, Esquire, the current trustee. Id. at ¶19.

[7] The Trust provided Appellant the non-exclusive right to the apartment attached to the property for a period of seven years following Settlor's death. As noted, Settlor died on December 16, 2015. Orphans' Court Opinion, 9/25/19, at unnumbered 2.

- 8 -

Additionally, the Trust specifically provides for termination. Paragraph 4.4 states, in relevant part, as follows:

> Notwithstanding any other provisions hereof, my Trustee may, in my Trustee's sole discretion and at any time, terminate any or all of the trust shares under this Trust if the amount thereof does not warrant the cost of continuing said trust or if its administration would be otherwise impractical. Upon such termination, my Trustee shall pay the principal and any accumulated or distributed income of such trust to the person or persons entitled to distributions upon my death in the manner set forth in the subsection titled "Upon My Death".

The Trust, 11/20/08, at ¶ 4.4.

As noted above, in order to determine whether there are disputed issues of fact, we must confine the scope of our review to the "pleadings and documents properly attached thereto." DeSantis, 916 A.2d at 673. Despite Appellant's denial in his Answer, the pleadings and the attachments reveal that there is no doubt that the hostility and animosity between Appellant and his sisters, in combination with the uninhabitable state of the property, has caused the purpose of the Trust to fail. The orphans' court concluded "that the purpose of the Trust—to provide a vacation home for the three beneficiaries—has failed because the property is uninhabitable; as such, the only logical result is to sell the property and divide the proceeds in an appropriate manner." Orphans' Court Opinion, 9/25/19, at unnumbered 3.

After review, we discern no error of law in the orphans' court's order terminating the trust without a hearing.[8]

For the reasons set forth above, we quash the appeal from Order 1. Additionally, because we discern no error of law in the orphans' court terminating the Trust without a hearing, we affirm Order 2.

Appeal from Order 1 quashed. Order 2 affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/1/2020

_____

[8] Insofar as Appellant avers that the orphans' court failed to consider the intent of the beneficiaries, Appellant's Brief at 24, we conclude that Appellant has not illustrated how or why the intent of a beneficiary of a trust is relevant to the termination of a trust. Accordingly, this issue is waived. See Milby v. Pote, 189 A.3d 1065, 1079 (Pa. Super. 2018) (stating that an appellant's failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa. R.A.P. 2119; it is not the duty of the reviewing court to develop an argument for an appellant or scour the record to find evidence to support an argument).